UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 23 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| SHUNNA CRAFT, on behalf of herself and all other similarly situated consumers, ) ) ) | Case No.: |
| Plaintiff, ) ) | |
| vs. ) ) | CLASS ACTION COMPLAINT |
| CONSOLIDATED RECOVERY SYSTEMS, ) ) | 3:16-cv-00357 JLH/JTK |
| Defendant. ) ) | This _____ to District Judge Holmes and to _____ Judge Kearney |

Plaintiff, Shunna Craft (hereinafter "Plaintiff") alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in West Memphis, Arkansas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Arkansas, with its corporate headquarters located at 2650 Thousand Oaks Blvd # 4200, Memphis, TN 38118.

6. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

8. A specific goal of Congress in enacting the FDCPA was to provide the consumer 30 days to dispute the debt. Congress went to extreme lengths to ensure that communications with the debtor do not overshadow or state anything inconsistent with the consumer's right to dispute the debt within 30 days.

9. In attempt to collect a medical debt from Plaintiff, Defendant sent Plaintiff an initial dunning letter in September 2016.

10. Medical debt has long been recognized as a "debt" as that term is used and defined under the FDCPA.

11. The letter provided Plaintiff information concerning her statutory rights to dispute the debt within 30 days. However, just before this notice, Defendant's letter overshadowed and stated inconsistent information.

12. Specifically, the letter states: "Please make either payment in full or satisfactory payment arrangement within 10 days of the date of this letter." Exhibit A.

13. By requiring Plaintiff make payment within 10 days, Defendant overshadows Plaintiff's statutory rights to dispute the debt for 30 days.

14. Further, by requiring Plaintiff make payment within 10 days, Defendant's letter is inconsistent with the 30 day period that Plaintiff is entitled to.

15. Collection letters are read from the perspective of the least sophisticated consumer. Here, the least sophisticated consumer is left unsure as to her rights—is she allowed to dispute within the 30 day period, or must she make a payment within 10 days as the letter requires.

16. Defendant's false and deceptive statements, stated in attempt to collect a debt, violate the FDCPA.

17. and by attempting to collect an illegal convenience fee, Defendant's letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

19. Plaintiff seeks certification of the following classes, initially defined as follows:

**The Class: All consumers that have received similar collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

20. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the United States, each of which violates

the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

24. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

25. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

28. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

29. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

35. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

37. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**

>> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

38. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

39. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(b) Disputed debts. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

WHEREFORE, Plaintiff, Shunna Craft, respectfully requests that this Court do the following for the benefit of Plaintiff:

> A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;
>
> B. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;

    C. Provide injunctive relief in the form of stopping Defendant from seeking illegal fees from consumer;

    D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

Dated this 20th of December, 2016

                                  Respectfully Submitted,

                                  /s/ Daniel Zemel
                                  Daniel Zemel
                                  Zemel Law LLC
                                  70 Clinton Ave. Suite 3.
                                  Newark, NJ 07114
                                  (T) 862-227-3106
                                  dz@zemellawllc.com
                                  Attorney for Plaintiff